UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEDDIE PAPPAS POTTER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2346 |
| | § | |
| HSN, INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.

Before the Court is the defendant, Wolfgang Puck's, motion to dismiss the plaintiffs', Teddie Pappas Potter, Neil Edward Potter, Madison Grace Potter, Rebecca Hope Potter, and William Neil Edward Potter, products liability suit pursuant to Federal Rules of Civil Procedure, 12(b)(2) and 12(b)(6).  *See* [Inst. Nos. 9 and 10].  The Court has examined the motion, the response and reply on file [Inst. Nos. 18 and 19, respectively] and determines that the motion should be granted.

### II.

As the basis for this suit, the plaintiffs contend that the defendants, Home Shopping Network ("HSN") and Wolfgang, sold to them a Wolfgang Puck branded pressure cooker that during use, exploded causing severe burns and permanent scarring to plaintiff, Teddie Pappas Potter.  In particular, the plaintiffs assert that Wolfgang Puck, individually, appeared on HSN and made representations about his pressure cooker that induced them to purchase it.  The plaintiffs contend that the representations made by Puck misrepresented: (a) the quality or condition of the product; and (b) that the product was fit for a particular purpose and safe, when in fact it was otherwise.  Therefore, the plaintiffs assert claims of breach of warranty, strict

product liability-manufacturing and/or design defect, marketing defect, failure to conform to representations and malice.  Alternatively, the plaintiffs seek to conduct discovery to establish a jurisdictional basis for its suit against Puck individually.

## III.

The defendant, Wolfgang Puck, argues that the Court is obligated to dismiss the plaintiffs' suit against him individually because:  (a) the Court lacks either general or specific jurisdiction over him; and (b) the plaintiffs have "completely failed to allege any facts regarding any specific conduct Mr. Puck allegedly committed" that brings him within the jurisdiction of this Court.  In his reply to the plaintiffs' response, Puck points out that the plaintiffs did not plead any specific misrepresentations made by him on which they relied. And, nor have they proffered the quotes that Puck allegedly made upon which they relied in their response and in their proposed amended complaint.

## IV.

The defendant, Wolfgang Puck, has presented two separate bases upon which his motion to dismiss should be granted.  First, he asserts that the plaintiffs' jurisdictional allegations are conclusory, that the "fiduciary shield doctrine" precludes general jurisdiction, and that to exercise jurisdiction over him is neither fair nor reasonable.  Second, he asserts that dismissal is warranted because the plaintiffs' pleadings fail to satisfy FRCP 9(b)'s requirement that a party pleads with particularity the circumstances of the fraud alleged.   And, he claims that the plaintiffs' pleadings, otherwise, are insufficient under FRCP 12(b)(6) to sustain the claims.

## V.

Rule 12(b)(2) authorizes a motion to dismiss based on the defense that a court lacks jurisdiction over the defendant.  *See* FED. R. CIV. P. 12(b)(2).  On such a motion, the plaintiff

bears the burden of establishing personal jurisdiction over a non-resident defendant. *See Bullion v. Gillespie*, 895 F.2d 213, 216 - 17 (5th Cir. 1990). Where a court rules on such a motion without a hearing, however, the court must accept, as true, all uncontroverted allegations in the plaintiff's complaint and resolve all factual conflicts presented by the parties' affidavits in the plaintiff's favor. *Id.* at 217. Thus, absent a hearing, the plaintiff need only establish a prima facie case for personal jurisdiction. *Id.* Nevertheless, after the plaintiff establishes its prima facie case, the burden then shifts to the non-resident defendant to demonstrate a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

## VI.

Generally, in a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if two conditions are met: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction complies with the due process requirements of the Fourteenth Amendment of the United States Constitution. *Irving v. Owens-Corning Fiberglas Corp.*, 864 F.2d 383, 385 (5th Cir. 1989) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). This Court, however, need only consider whether the exercise of jurisdiction over the non-resident defendant comports with due process "because the Texas Supreme Court has [long] established that the Texas long-arm statute . . . 'reaches as far as the federal constitutional requirements of due process will permit.'" *Irving*, 864 F.2d at 385 (quoting *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985)).

"The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) [the] defendant has purposefully availed himself of the benefits

and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over [the] defendant does not offend 'traditional notions of fair play and substantial justice.'" *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)) (internal citations omitted). Both portions of this test must be satisfied in this case before the Court can exercise personal jurisdiction over a non-resident defendant. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction over a non-resident defendant is said to exist when the non-resident defendant has "purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Alpine View*, 205 F.3d at 215 (quoting *Burger King*, 471 U.S. at 472, 105 S. Ct. at 2174) (internal quotation marks omitted). General jurisdiction, on the other hand, is said to exist "where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Alpine View*, 205 F.3d at 215 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 - 16, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)). Nonetheless, even when "minimum contacts" are found, the court must still determine whether allowing such a suit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

## VII.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## VIII.

### A.    *Lack of Personal Jurisdiction FRCP 12(b)(2)*

The Court is of the opinion that Wolfgang Puck's motion to dismiss for lack of personal jurisdiction should be granted. Neither in their original pleadings nor in their response to his motion to dismiss do the plaintiffs point out the specific statement(s) that they contend is fraudulent. To continue Puck in this suit, the plaintiffs must establish minimum contacts with Texas and show that for this Court to exercise jurisdiction over him would not constitute unfairness. *Atlas Copco AB,* 205 F.3d at 215 (internal citations omitted). There is no such showing in the plaintiffs' pleadings or proffers, and on this point the plaintiffs bear the burden. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (internal citations omitted). Moreover, because the Court may exercise general or specific jurisdiction over the corporate defendants based on the conduct of their agents and employers, the fiduciary shield doctrine precludes the exercise of general jurisdiction over Puck. *See Garner v. Furmanite Australia Pty.*,

966 S.W.2d 798, 803 (Tex. App. – Houston [1st Dist.] 1998, *pet. denied*). A plaintiff's recovery, if any, against the corporation forecloses a recovery against Puck except where there are specific, identifiable acts of fraud. *See* Fed. R. Civ. P. 9(b). None is alleged here and discovery to determine whether such fraud could be established would be an abuse of the discovery process.

### B.     Insufficient Allegations FRCP 12(b)(6)

The Court has expressed its view that the plaintiffs' pleading, concerning a discernable act on the part of Puck, is wholly inadequate.  Given two opportunities to state a specific act that Puck committed, apart from his role as agent or employee of the corporation, the plaintiffs have failed to seize either opportunity.  Simply to allege that Puck and the remaining defendant corporations committed acts of fraud or made misrepresentations concerning the manufacture or design and marketing of the product does not satisfy the strictures of *Twombly* and *Iqbal*.  There is no proffer concerning what statement was made, where it was made or by whom it was made. *See* Fed. R. Civ. P. 9(b).  Therefore, the Court is of the opinion that the plaintiffs' suit against Wolfgang Puck individually should be dismissed for the reasons stated heretofore.

It is so Ordered.

SIGNED at Houston, Texas this 31st day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge